UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ILIR KAMBO,<br>    *Plaintiff*,<br><br>    v.<br><br>ANDREW M. SAUL,<br>    *Commissioner, Social Security Administration*,<br>    *Defendant*. | No. 3:17-cv-992 (VAB) |

**ORDER REMANDING CASE**

On June 16, 2017, Ilir Kambo ("Plaintiff") filed for review of a decision by the Commissioner of Social Security (the "Commissioner") denying him disability insurance benefits under Title II of the Social Security Act following July 11, 2013. *See* Complaint, dated Jun. 16, 2017, ECF No. 1. On October 5, 2017, the Social Security Administration ("SSA") filed the transcript of the administrative record. Social Security Transcripts, filed Oct. 5, 2017, ECF No. 11.

In the two years since the transcripts were filed, the Court has granted multiple extensions of time to allow the parties to investigate and brief the issues fully. *See* Orders, dated May 22, 2018, Aug. 23, 2018, Nov. 21, 2018, Mar. 28, 2019, May 28, 2019, and June 18, 2019, ECF Nos. 16, 19, 21, 23, 25, 27, and 30.

On July 3, 2019, the Commissioner filed a consent motion to reverse his decision and remand this action to the SSA for further proceedings, in order to remedy errors in the ALJ's decision. Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant ("Mot. to Remand"), ECF No. 31, at 1. On remand, the ALJ will re-assess Mr. Kambo's residual functional capacity, acquire

supplemental vocational expert testimony, and offer Mr. Kambo another opportunity for a hearing. The ALJ will also be instructed to take any further action necessary to complete the administrative record. *Id.* at 1–2. The Commissioner stated that Plaintiff's counsel had been contacted and consented to the relief sought. *Id.* at 2.

Under 42 U.S.C. § 405, the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court "must determine whether the Commissioner's conclusions 'are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.'" *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citation omitted).

Remand is proper for legal error or a lack of substantial evidence supporting the conclusions of the Administrative Law Judge. *Id.* at 505 ("In sum, because we are unsure exactly what legal standard the ALJ applied in weighing Dr. Jobson's opinion, because application of the correct standard does not lead inexorably to a single conclusion, and because the Commissioner failed to provide plaintiff with 'good reasons' for the lack of weight attributed to her treating physician's opinion as required by SSA regulations, we conclude that the proper course is to direct that this case be remanded to the SSA to allow the ALJ to reweigh the evidence pursuant to the 1991 Regulations, developing the record as may be needed.").

The Commissioner has moved for the Court to "enter an Order and Judgment reversing [her] decision and remanding this case to the Commissioner for additional administrative proceedings," because further fact-finding is necessary to "remedy errors" and determine if that decision is supported by substantial evidence. Mot. to Remand at 2. Because there is good cause to reverse and remand this case and there is no objection, the Court **GRANTS** the

Commissioner's motion, and **VACATES** and **REMANDS** the Commissioner's decision for further development of the record and additional administrative proceedings under sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is respectfully directed to enter judgment for Mr. Kambo, remand this case to the Commissioner for rehearing and further proceedings, and close this case.

The Clerk of the Court is further instructed that, if any party appeals to this Court the decision made after the remand, any subsequent Social Security appeal is to be assigned to this judge.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of July, 2019.

                                                /s/ Victor A. Bolden
                                                VICTOR A. BOLDEN
                                                UNITED STATES DISTRICT JUDGE